IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANNA M. BUELER,

        Plaintiff,                      No. 2:10-cv-01814 KJM[1] KJN

        v.

SEARS ROEBUCK & COMPANY and
DOES 1 through 100, inclusive,

        Defendants.              ORDER
_____/

        Presently before the court is the parties' "Stipulation and [Proposed] Protective Order" ("Stipulated Protective Order"), which seeks an order limiting the use and dissemination of information that the parties seek to designate as "confidential." (Dkt. No. 12.) The undersigned does not approve the proposed Stipulated Protective Order as drafted because it does not conform to the requirements of Eastern District Local Rule 141.1. The Stipulated Protective Order raises additional concerns identified below.

////

////

---

[1] The undersigned notes that the parties' "Stipulation and [Proposed] Protective Order" identifies the incorrect district judge in the caption. On January 21, 2011, United States District Judge Kimberly J. Mueller was reassigned as the district judge in this action. (Order of Reassignment, Dkt. No. 10.)

1

This court's Local Rule 141.1(c) provides:

> **(c)    Requirements of a Proposed Protective Order.**  All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order.  Every proposed protective order shall contain the following provisions:
>
> (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c)(1)-(3). Although the Stipulated Protective Order arguably makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1(c), and the undersigned does not approve the Stipulated Protective Order as proposed.  However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

The undersigned addresses additional aspects of the Stipulated Protective Order that the undersigned will not, or is not inclined to, approve. First, paragraph 11 of the Stipulated Protective Order purports to alter the procedures of this court in regards to the filing of documents under seal.  Paragraph 11 provides a notice requirement agreed upon by the parties. Although the parties are welcome to provide one another with agreed upon notice, the undersigned will not approve any stipulated protective order that attempts to circumvent the procedures for filing documents under seal provided in this court's Local Rules 141 and 141.1(e). More egregiously, paragraph 11 attempts to impose on this federal court the procedures for

1  sealing set for in "California rule [*sic*] of Court 2.550." This is a federal court, which is
2  governed by the Federal Rules of Civil Procedure and this federal court's Local Rules. The
3  undersigned will not approve a stipulated protective order that purports to apply the California
4  Rules of Court in regards to the sealing of documents in this action. Finally, in order to avoid
5  any confusion, the undersigned will not approve any stipulated protective order that attempts to
6  effectuate the automatic sealing of documents that are subject to that stipulated protective order
7  and are filed in this action. Such provisions would be inconsistent with Local Rule 141.1(e),
8  which provides: "Documents that are the subject of a protective order may be filed under seal
9  only if a sealing order is first obtained in compliance with L.R. 141." E. Dist. Local Rule
10 141.1(e). Neither Local Rule 141 nor Local Rule 141.1 provides for the automatic sealing of
11 documents filed with the court; indeed, these rules prohibit such automatic sealing by way of a
12 previously entered protective order. <u>See</u> E. Dist. Local Rule 141(a) ("To ensure that documents
13 are properly sealed, specific requests to seal must be made even if an existing protective order,
14 statute, or rule requires or permits the sealing of the document."). Accordingly, the undersigned
15 will not approve a stipulated protective order that includes an automatic sealing provision.

16         Finally, paragraphs 13 and 19 suggest that the parties intend this court to retain
17 jurisdiction over the Stipulated Protective Order and any disputes arising therefrom after this
18 action has concluded.[2] The undersigned is strongly disinclined to approve any provision that
19 creates retained jurisdiction over the Stipulated Protective Order and related disputes after
20 termination of the action.
21 ////
22 ////
23 ////
24 ──────────────
25   [2] Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any
26 protective order filed in that action." E. Dist. Local Rule 141.1(f).

3

1  For the foregoing reasons, IT IS HEREBY ORDERED that the parties'
2  "Stipulation and [Proposed] Protective Order" is not approved, but without prejudice to the
3  refiling of a sufficient proposed stipulated protective order if the parties are unable to reach a
4  private agreement.
5  IT IS SO ORDERED.
6  DATED: April 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE