IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANNA M. BUELER,

Plaintiff,

vs.

SEARS, ROEBUCK AND CO.,

Defendant

_______________________________/

No. CIV S-10-1814 KJM KJN

ORDER

On May 11, 2010, plaintiff filed a complaint in Butte County Superior Court, alleging that defendant had terminated her in violation of California's Fair Employment and Housing Act (FEHA), CAL. GOV'T CODE §§ 12940, *et seq.*, and in violation of public policy, and had breached the implied covenant of good faith and fair dealing. ECF No. 1 at 5. Defendant removed the action to this court on July 13, 2010. 28 U.S.C. § 1332. ECF No. 1.

On February 27, 2012, the court adopted the parties' stipulation dismissing the third cause of action, for breach of the implied covenant of good faith and fair dealing. ECF No. 24.

On March 6, 2012, defendant filed a motion for summary judgment, which the court submitted without argument. L.R. 230(g). After considering the parties' evidence and the papers, the court DENIES the motion for summary judgment, as explained below.

I. Summary Judgment Standard

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[1]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine

[1] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

II. Admissibility of Evidence

The evidence this court may consider in resolving the parties' competing claims must be admissible: "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988); FED. R. CIV. P. 56(c)(2). This court cannot consider "documents which have not had a proper foundation laid to authenticate them" in support of or opposition to summary judgment. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); *Providence Health Plan v. Charriere*, 666 F. Supp. 2d 1169, 1182-83 (D. Or. 2009) (defendant cannot create an issue of fact in opposition to summary judgment by submitting unauthenticated deposition excerpts).

Authentication is a condition precedent to admissibility and is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (quoting FED. R. EVID. 901(a)). The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Id.*; *but see Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (noting that "[w]hether the authentication requirement should be applied to bar evidence when its authenticity is not actually disputed, is . . . questionable."). Where a party seeks to authenticate exhibits through personal knowledge by attaching them to an affidavit or declaration, the affiant or declarant must be a person through whom the exhibits could be admitted into evidence and who has personal knowledge of the exhibit. *Orr*, 285 F.3d at 773–74.

/////

/////

/////

In *Orr*, the Ninth Circuit provided the following guidance on authenticating depositions:

> A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent. Ordinarily, this would have to be accomplished by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted. It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a 'true and correct copy.' Such an affidavit lacks foundation even if the affiant-counsel were present at the deposition.

285 F.3d at 776 (citations omitted). A deposition that is not accompanied by the signed reporter's certification is not properly authenticated. *Id*. (citing, among other cases, *Pavone v. Citicorp Credit Servs., Inc.*, 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997), which excluded depositions lacking a signed reporter's certification). Here, neither party has properly authenticated a single deposition. For each deposition excerpt submitted, the relevant cover page is provided; however, neither party provides a signed reporter's certification for any deposition excerpt. Accordingly, the court will not consider the parties' deposition excerpts in resolving this motion.

Authentication is required for exhibits as well as deposition excerpts. Rule 56(c)[2] requires that where an exhibit is introduced through an authenticating affidavit, the affiant must have personal knowledge of the exhibit. *Orr*, 285 F.3d at 777. Authentication is not achieved where an affiant without personal knowledge simply claims that an attached exhibit is "true and correct." *Id*. To the extent defendant asks the court to consider the transaction records attached to the declaration of human resources consultant Adrienne Kane for their truth, it has not

---

[2] *Orr* refers to Rule 56(e), but the substantive text at issue has now moved to Rule 56(c) as part of the 2010 amendments. The case law on this point remains controlling. *See* note 1 *supra*.

established the proper foundation. *See* Declaration of Adrienne Kane (Kane Decl.) ¶ 4 & Ex. A, D0018-00.

Self-serving declarations and affidavits, without more, cannot create a disputed material fact. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[The Ninth Circuit] has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony"); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (plaintiff's belief that defendant acted from unlawful motive, without evidence supporting that belief, is not competent evidence in opposition to summary judgment). Thus, where the only evidence of a material dispute is plaintiff's own declaration containing statements outside her direct knowledge, the court need not find a genuine issue of material fact. *See Cermetek Inc. v. Butler Avpak, Inc.*, 573 F.2d 1370, 1377 (9th Cir. 1978) (proponent must show that affiant is competent to testify about matters in the declaration). For example, plaintiff avers "upon information and belief" that her co-worker Jabari Clark was not disciplined for claiming a commission that should have been hers and also posits her "belief that the claimed reason for [her] termination is false since Jabari Clark made the same commission mistake" but was not terminated for making the same error she was alleged to have made. Declaration of Dianna Bueler (Bueler Decl.) ¶¶ 15-16, 18. The court does not consider these averments in resolving the motion for summary judgment.

Moreover, the court will not consider inadmissible hearsay in an affidavit to support or defeat summary judgment. *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997); *but see Burch*, 433 F. Supp. 2d at 1121. In this case, plaintiff objects to several statements in the declaration of Adrienne Kane and to some of the exhibits attached to Kane's declaration. *See* ECF No. 35 ¶¶ 16, 17, 20, 21, 23-30, 33, 35 & Ex. A. Some of Kane's declaration does in fact contain hearsay; for example, she avers that John Campbell from the Chico Sears store told her he had undertaken an investigation into plaintiff's violation of company polices. Kane Decl. ¶ 3. In other paragraphs plaintiff challenges, Kane describes a facsimile she received, including

the supporting materials. This is not hearsay. She does attach a number of statements from other employees, *id.*, Ex. A at D108-115, as a basis for her decision that termination was appropriate. As the court considers these statements not for the truth of the matters asserted by the other employees, but as a basis for Kane's decision, they are not hearsay. *See Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 328 (4th Cir. 2009) (material offered to explain subsequent conduct not hearsay).[3] However, to the extent Kane considered statements from plaintiff, they are not hearsay and may be considered for their truth, if relevant. FED. R. EVID. 801(d)(2)(d).

Finally, if documentary evidence is cited as the source of a factual allegation, the documents must be attached to the affidavit or declaration. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993). In this case, Kane refers to various policies but attaches no documentary support and does not describe the policies as unwritten or informal.

The evidentiary requirements for summary judgment are neither cryptic nor abstruse. Simply put, the rules governing summary judgment require the parties to properly present and identify admissible evidence to establish the presence or absence of a dispute over material facts. As the court stated in *Orr*, "[t]he efficient management of judicial business mandates that parties submit evidence responsibly." 285 F.3d at 775. Here, the parties generally have not satisfied this responsibility. As a result, there is a dearth of admissible evidence for the court to consider.

/////

/////

---

[3] In its response to plaintiff's objections to its statement of undisputed facts, defendant claims that the statements from plaintiff's colleagues are properly considered for their truth because they are business records. Kane's declaration does not establish the foundation for the business record exception to the hearsay rule. *See, e.g., Hertz v. Luzenac America, Inc*., 370 F.3d 1014, 1017 (10th Cir. 2004) (describing foundation for business record exception).

III. Facts

In April 2008, plaintiff, an employee at defendant's Sears store in Chico, transferred to the appliance department in a part time position. Bueler Decl., ECF No. 33 ¶ 3. In September 2008, she was promoted to a full time sales position in the appliance department. *Id*. She was one of the top salespersons in that department and had not received any write ups, warnings or disciplinary actions before her termination. *Id*. ¶¶ 7-8.

Adrienne Kane is a human resources consultant for Associate Services Organization, a part of Sears Holdings Corporation, which provides guidance on human resources issues to Sears stores; she works in Illinois. Kane Decl. ¶¶ 1-2. On July 10, 2009, Kane received a packet of documents from John Campbell, Loss Prevention Lead at the Sears store in Chico. *Id*. ¶¶ 3-4. Among the documents were two statements from plaintiff dated July 2, 2009 concerning a return she processed on June 3, 2009, and an incident with sales associate Ryan Port-Sonenshine, as well as several statements from other Sears employees about their interactions with plaintiff. *Id*. ¶ 4.

According to Kane, although plaintiff acknowledged processing a return on June 3, 2009, and then ringing up a sale for the same item, she did not explain why she failed to credit the original associate with the sale or complete the commission exchange form for this transaction. Kane Decl. ¶ 5 & Ex. A, D-0106.[4] Statements from other sales associates suggested that plaintiff interfered with her colleagues' sales. *Id*. ¶ 6 & Ex. A, D0107-0115. Based on this material, Kane believed that plaintiff should be terminated for violating company policies and recommended this to Chico store manager Mike Cirigliano. *Id*. ¶¶ 7-8.

/////

---

[4] Although Kane avers that the "commission redirection is in direct violation of one of Sears' operational policies in sales related to returns and exchanges," she has failed to attach a copy of the policy and does not otherwise describe the basis of her knowledge of the procedures in place at the Chico Sears store. Kane Decl. ¶ 5. Kane also avers that interfering with another associate's sale is in violation of company policy, but again does not attach a copy of the policy. *Id*. ¶ 6.

According to plaintiff, the procedure followed when one associate processed an exchange for a sale she had not originally made and then received a commission was for the employee who accepted the exchange to tell the employee who made the original sale to fill out a "Change of Commission Request Form." Bueler Decl. ¶ 12.[5] The exchange would also appear on a daily sales report, which would prompt the employee who made the sale to request that a "Change of Commission" request be made. *Id.*

On July 22, 2009, plaintiff was terminated from her position; the termination paperwork was signed by Chico Store Operations Manager Frank Ordaz. Bueler Decl. ¶ 9 & Ex. A. Plaintiff was told she was terminated for commission fraud, stemming from her taking credit for a $3.04 commission belonging to another associate after she processed the exchange of an item. Bueler Decl. ¶¶ 10-11 & Ex. B; *see also* Declaration of Michael Deems (Deems Decl.) ¶ 2 & Ex. A ¶ 1. (Sears' Responses To Interrogatories) ("Sears terminated Plaintiff's employment because it determined that Plaintiff processed a sales transaction in a way which caused her to receive a commission which the Company determined should have gone to another Sales Associate"). Had plaintiff been asked to sign a change of commission request for the transaction leading to her termination, she would have done so. Bueler Decl. ¶ 17. She was 60 years old at the time of her termination. Bueler Decl., Ex. B.

IV. <u>Analysis</u>

Plaintiff alleges she was discharged because of her age, which violates FEHA and California's public policy against age discrimination.

The FEHA provides, in pertinent part, that it is unlawful "[f]or an employer, because of . . . sex [or] age . . . to refuse to hire or employ the person or to refuse to select the

---

[5] Defendant objects that this statement of plaintiff's lacks foundation. ECF No. 36-2 at 8. This objection is not well-taken, as plaintiff is describing a procedure she followed while employed. *See, e.g.*, *Cleveland v. United States*, 546 F. Supp. 2d 732, 774 (N.D.Cal. 2008) (foundation objection overruled to employee declaration describing Forest Service policies, based on employee's work experience).

person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." CAL. GOV'T. CODE § 12940(a).

Under *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980), an employee has a common law tort action for wrongful discharge in violation of public policy, which includes public policies reflected in FEHA. *Stevenson v. Superior Court*, 16 Cal.4th 880, 897 (1997) (recognizing *Tameny* action for age discrimination).

California courts apply the Title VII framework to FEHA and *Tameny* claims.[6] *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007); *see also Wills v. Superior Court*, 195 Cal. App. 4th 143, 159 (2011) (quoting *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000)); *Loggins v. Kaiser Permanente International*, 151 Cal.App.4th 1102, 1108-09 (2007). This framework is as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to defendant 'to articulate some legitimate, nondiscriminatory reasons for the employee's rejection.' [] Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973)) (internal quotation omitted). Accordingly, the plaintiff "must carry the initial burden of establishing a prima facie case of . . . discrimination;"

---

[6] In *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004), the Ninth Circuit stated that "when responding to a summary judgment motion, the plaintiff is presented with a choice regarding how to establish his or her case. [The plaintiff] may proceed by using the *McDonnell Douglas* framework, or alternatively, may simply produce direct or circumstantial evidence demonstrating that a discriminatory motive more likely than not motivated [the defendant]." *See also Lahrichi v. Lumera Corp.*, 433 Fed. Appx. 519, 520 (9th Cir. 2011). Plaintiff argues that she satisfies both tests, but as noted above, the court will not consider much of her evidence, as it is not properly authenticated.

the burden of production then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action in order to meet the prima facie case. *McDonnell Douglas*, 411 U.S. at 802-04. The burden then returns to the plaintiff to show that the articulated reason is a pretext "'by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Villiarimo*, 281 F.3d at 1062 (quoting *Chuang v. University of California Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000)). The presumption of discrimination "drops out of the picture" once the employer meets its burden of production, but "the trier of fact may still consider the evidence establishing plaintiff's prima facie case" in evaluating whether the employer's explanation is pretextual. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253.

Defendant does not challenge plaintiff's prima facie case, assuming for purposes of summary judgment that she has met her initial burden. ECF No. 25-1 at 12.[7] Defendant argues it has demonstrated it had a legitimate basis for plaintiff's termination, in that the records Kane reviewed showed that plaintiff had violated company policy by improperly handling the return on June 3, 2009, and by interfering with sales by other associates. Kane Decl. ¶¶ 5-8. Plaintiff has produced evidence, on the other hand, that the only reason for her termination was the single instance of commission redirection in the amount of $3.04. Bueler Decl. ¶¶ 10-11 & Exs. A & B. In addition, even though Kane avers that the commission redirection violated company policy, defendant has not produced any details of the policy either in written form or by declaration.

---

[7] In its reply, defendant appears to take issue with plaintiff's initial showing of age discrimination. *See* ECF No. 36 at 4. To the extent defendant is disavowing its initial concession that for purposes of summary judgment plaintiff had established her prima facie case, the court declines to consider its new argument raised only in the reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Lerma v. Arends*, No. 1:11-cv-00533 LJO MJS, 2011 WL 2516173, at *5 (E.D. Cal. June 22, 2011).

Plaintiff has countered by producing evidence of the procedure followed at the Chico Sears store, which put the onus on the original sales associate to seek an adjustment of the commission following an exchange. *Compare* Kane Decl. ¶5 *with* Bueler Decl. ¶ 12. Although a termination following a violation of company policy may be legitimate, *London v. Sears, Roebuck & Co.*, 619 F. Supp. 2d 854, 862 (N.D. Cal. 2009), *aff'd,* 2011 WL 5562734 (9th Cir. Nov. 16, 2011), the evidence about the reasons for and the policies behind plaintiff's termination is in dispute. Defendant has not borne its burden on summary judgment of showing as a matter of law a legitimate reason for the discharge.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (ECF No. 25) is denied.

DATED: May 9, 2012.

UNITED STATES DISTRICT JUDGE